UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SONIA FERNANDEZ-VALDEZ, | Case No. 2:16-cv-02464-JAD-NJK |
| Plaintiff(s), | |
| | ORDER |
| WAL-MART STORES, INC., | (Docket No. 22) |
| Defendant(s). | |

Pending before the Court is Defendant's motion to compel Plaintiff to respond to requests for production. Docket No. 22. Plaintiff filed a response and Defendant filed a reply. Docket Nos. 24, 26. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the Court hereby **GRANTS** Defendant's motion to compel.

**I.     BACKGROUND**

Plaintiff initiated this personal injury action in state court on August 17, 2016. Docket No. 1-1. On October 21, 2016, Defendant removed the action to this Court. Docket No. 1. Plaintiff alleges that she slipped on a liquid substance and fell at one of Defendant's stores in Las Vegas, Nevada on October 1, 2015. Docket No. 1-1 at 2. Plaintiff further alleges that Defendant was at fault and that she suffered damages, including but not limited to bodily injury, pain and suffering, and mental anguish. *Id.* at 2-3. Defendant submits that the circumstances of Plaintiff's slip and fall are suspect. *See, e.g.*, Docket No. 22 at 2-3. At issue in the instant motion are four requests for production to which Plaintiff objects. *See, e.g., id.* at 4-5; Docket No. 22-2 at 47-49.

## II. ANALYSIS

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

On January 24, 2017, Defendant propounded the following Requests for Production:

**REQUEST FOR PRODUCTION NO. 29:** All documents relating to any claims made or benefit or compensation received because of injuries resulting from the Incident.

**REQUEST FOR PRODUCTION NO. 30:** All documents relating to any claims made or benefit or compensation received because of any injuries or accidents either before or after the Incident.

**REQUEST FOR PRODUCTION NO. 31:** All documents relating to any claims for federal and state governmental assistance, including but not limited to Medicaid, Social Security Disability benefits, and Supplemental Security Income, which you claimed or obtained resulting from the injuries you claimed to have suffered from the Incident.

**REQUEST FOR PRODUCTION NO. 32:** All documents relating to a claim for pension, unemployment, income replacement insurance benefits, and private disability benefits which you sought or obtained resulting from the injuries you claim to have suffered from the Incident.

Docket No. 22-2 at 10-11.

Defendant submits that the damages Plaintiff claims are inconsistent with the severity of the slip and fall, and with information she gave medical professionals in its immediate aftermath. *See, e.g.*, Docket No. 22 at 3. Therefore, Defendant submits, it needs this discovery in order to determine whether Plaintiff had any preexisting conditions before the slip and fall and whether it actually caused extensive damage to her body. *See, e.g., id.* at 6. Plaintiff responds that "Defendant has shown no relevance to the information requested, beyond pure speculation that the requested

evidence will somehow prove Plaintiff a liar." Docket No. 24 at 5. Plaintiff further disputes the admissibility of any documents responsive to these requests for production. *See id.* at 5-13. Defendant replies that the evidentiary rules Plaintiff cites do not limit discovery and that it seeks relevant information. *See* Docket No. 26 at 2-6.

The Court agrees with Defendant and finds that Plaintiff has not met her burden of explaining why discovery should be denied. The Court finds that the documents Defendant seeks are relevant to the causes and extent of Plaintiff's injuries, and proportional to the needs of the case. Further, Plaintiff's extensive discussion of admissibility is misplaced. *See Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case") (internal citation omitted); *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006) ("[R]elevancy under Rule 26 is extremely broad"); Fed. R. Civ. P. 26(b) ("Information within the scope of discovery need not be admissible in evidence to be discoverable").

Accordingly, Defendant's motion to compel, Docket No. 22, is hereby **GRANTED**.

IT IS SO ORDERED.

Dated: May 12, 2017.

NANCY J. KOPPE
United States Magistrate Judge